UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Yardley Keshinover,<br><br>    Plaintiff,<br><br>  - against -<br><br>The New York State Office of Parks, Recreation and Historic Preservation,<br><br>    Defendant. | 17 Civ.  ( )( )<br><br>Complaint and Jury Demand |

Plaintiff, by his attorney, Michael G. O'Neill, complains against defendants as follows:

1. This is an action alleging discrimination in employment on the basis of race and ethnicity in violation of the Civil Rights Act of 1964, as amended.

2. This Court has jurisdiction under 28 U.S.C. §1331 because this action arises under the laws of the United States.

3. Venue is proper because the unlawful employment action was committed in the Southern District of New York.

4. Plaintiff is a natural person.

5. Plaintiff is of non-White Dominican race and ethnicity. As such, plaintiff is non-White Hispanic.

6. The defendant is a New York State Executive Agency.

7. Defendant's Division of Law Enforcement employs police officers ("Park Police").

8. Although Hispanics make up 20 percent of the State's population, only 5 percent of the Park Police are Hispanic.

1

9. In about 2014, plaintiff sought to become employed as a Park Police officer.

10. Plaintiff was eminently qualified to be a Park Police officer. He graduated, with honors, from Manhattan College, he was an NCAA Division One athlete and he was internationally certified in martial arts.

11. Plaintiff achieved one of the highest scores on the competitive exam to qualify for employment as a Park Police officer.

12. As a result, plaintiff was given a conditional offer of employment.

13. In order to become fully employed, plaintiff had to pass the Park Police background investigation.

14. Defendant assigned an employee named Cutler, who is White, to investigate plaintiff's background.

15. Cutler demonstrated his bias against plaintiff from their very first meeting, in which he did nothing to hide the fact that he did not want plaintiff to join the Park Police. In that meeting, Cutler told plaintiff that there were no openings in the Taconic Region (which includes Dutchess County) "even if you make it through the Academy." This was untrue – plaintiff had been informed that there were shortages in all the Park Police regions.

16. Cutler asked plaintiff a battery of questions and made derogatory comments that demonstrated that he was evaluating plaintiff according to negative stereotypes about Hispanics.

17. Cutler asked plaintiff no less than five times if he had a "real" social security number.

18. Cutler asked plaintiff if he was born in the United States and whether he was

fluent in English.

19. Cutler asked plaintiff if he had obtained his G.E.D. When plaintiff informed Cutler that he graduated High School and was awarded a Regents Diploma, Cutler asked plaintiff which community college he had attended. (Plaintiff had graduated from a 4 year university with honors.)

20. Cutler told plaintiff that the Park Police was not like working at McDonalds and that plaintiff would not have time to play basketball.

21. Cutler told plaintiff that he would make sure that plaintiff was passed over and not given an admission opening in the Academy.

22. As part of the background investigation, plaintiff completed two questionnaires.

23. One of the questions dealt with prior arrests.

24. When plaintiff was 14, he and a couple of friends were engaged in some horseplay and were throwing cherry apples at each other. This upset a neighbor, who called the police. The police responded, determined that it was "much ado about nothing," and sent plaintiff home.

25. Unbeknownst to plaintiff, one of the responding officers filed an incident report and generated paperwork to institute a family court proceeding based on the incident. This was referred to a social worker at the Dutchess County Probation Department, who adjusted the matter and caused all the records referring to the incident to be sealed.

26. Plaintiff was never arrested and never appeared in court. His only contact with anybody was with the social worker, who told plaintiff that he was not in trouble and not

to worry about the incident. He was also told that he had no obligation to disclose the incident to anyone in the future, that it was sealed and it was as if it had never happened.

27. Although all the records relating to this incident were sealed, Cutler obtained a copy of them, and he accused the plaintiff of falsely answering the question about arrests. Cutler refused to hear plaintiff's description of the incident and why he believed (and still believes) that he had answered the question truthfully.

28. Cutler he told plaintiff that his answer was a serious discrepancy that would be viewed as an act of dishonesty. He also told plaintiff that, unless plaintiff withdrew his application for appointment to the Park Police, plaintiff would never be able to obtain employment elsewhere in law enforcement.

29. In truth, Cutler knew that plaintiff's answer to the question about arrests would not disqualify him from the Park Police. The reason he made such a big issue out of it was because he did not want plaintiff on the Park Police, and the way to keep plaintiff off the Park Police force was to intimidate plaintiff into withdrawing his application.

30. Upon information and belief, the Park Police routinely overlook de minimis discrepancies in answers to background questionnaires from Caucasian applicants where there is a plausible explanation for the candidate's answer.

31. Cutler leveraged plaintiff's answer to the question about arrests to keep plaintiff from joining the Park Police. Cutler was motivated by plaintiff's race and ethnic background in doing so.

32. Cutler pressured and intimidated plaintiff into withdrawing his application to join the Park Police.

33. Plaintiff timely filed a charge of discrimination against the defendant with the United States Equal Opportunity Commission ("EEOC").

34. On about March 29, 2017, the EEOC issued to plaintiff its 90 day right to sue letter.

35. This action has been timely commenced.

36. By virtue of the foregoing, defendant has subjected plaintiff to disparate terms and conditions of employment because of his race and ethnicity, in violation of the 1964 Civil Rights Act, as amended, 42 U.S.C. 2000e et seq.

WHEREFORE, plaintiff demands judgment for all relief permitted by law, including but not limited to awarding plaintiff a money judgment for his damages, awarding plaintiff equitable relief, awarding pre-verdict, post-verdict and prejudgment interest and costs, awarding to plaintiff a statutory attorneys' fee and granting such further and additional relief as the Court deems just and appropriate under the circumstances.

Dated: New York, New York
      June 9, 2017

MICHAEL G. O'NEILL

_____
Attorney for Plaintiff
30 Vesey Street, Third Floor
New York, New York 10007
(212) 581-099

## Jury Demand

Plaintiff demands trial by jury on all issues.

Dated: New York, New York  
      June 9, 2017

MICHAEL G. O'NEILL

*/s/ Michael G. O'Neill*

_____  
Attorney for Plaintiff  
30 Vesey Street, Third Floor  
New York, New York 10007  
(212) 581-0990