MANDATE
19-3544
Keshinover v. New York State Office of Parks, Recreation, and Historic Pres.

N.Y.S.D. Case # 17-cv-4349(CS)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of October, two thousand twenty.

PRESENT:
   JON O. NEWMAN,
   GUIDO CALABRESI,
   SUSAN L. CARNEY,
      *Circuit Judges.*

─────────────────────────────────────────────

YARDLEY KESHINOVER,

   *Plaintiff-Appellant*,

    v.                  No. 19-3544

NEW YORK STATE OFFICE OF PARKS, RECREATION,
 AND HISTORIC PRESERVATION,

   *Defendant-Appellee.*

─────────────────────────────────────────────

FOR APPELLANT:        MICHAEL O'NEILL, ESQ., New York, NY.

FOR APPELLEE:         AMIT R. VORA (Barbara D. Underwood, Steven C. Wu, *on the brief*), *for* Letitia James, Attorney General of the State of New York, New York, NY.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Nov 10 2020

MANDATE ISSUED ON 11/10/2020

Appeal from a judgment of the United States District Court for the Southern District of New York (Seibel, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on October 15, 2019, is **AFFIRMED**.

Yardley Keshinover appeals from a grant of summary judgment to the New York State Office of Parks, Recreation, and Historic Preservation ("NYS Parks") on his claim alleging, under Title VII of the Civil Rights Act of 1964, that racial discrimination was the reason that NYS Parks did not hire him as a police officer. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

We review a district court's grant of summary judgment *de novo*, viewing all the evidence in the record in the light most favorable to Keshinover, the non-movant. *McElwee v. Cty. of Orange*, 700 F.3d 635, 640 (2d Cir. 2012). Title VII claims are analyzed in accordance with the familiar burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), under which: (1) the plaintiff must establish a prima facie case of discrimination; (2) if the plaintiff carries this burden, the employer must articulate a legitimate, nondiscriminatory reason for the challenged action; and (3) if the employer does so, then the plaintiff must prove that the employer's challenged action was "more likely than not based in whole or in part on discrimination." *Walsh v. New York City Hous. Auth.*, 828 F.3d 70, 74–75 (2d Cir. 2016).[1] A prima facie case requires, among other things, demonstration that a plaintiff "was subject to an adverse employment action." *Id.* at 75.

We affirm the grant of summary judgment. Under the particular circumstances of this case, where Keshinover made the decision himself to withdraw his employment application,

---

[1] Unless otherwise noted, in quoting case law, this Order omits all internal quotation marks, alterations, emphases, footnotes, and citations.

we conclude that no reasonable jury could find that he suffered an "adverse employment action."

The undisputed record established that, as part of his police officer application, Keshinover was required to complete certain background check forms under penalty of perjury. In those forms, Keshinover failed to disclose, as one form required, that he had once been "questioned" by a "police agency" or "juvenile authority." At the age of fourteen, Keshinover was questioned by police and a juvenile social worker over allegations that he and his friends struck a bystander in the eye while throwing snake berries.[2] The parties do not dispute that, witting or unwitting, Keshinover's failure to disclose this incident created a "discrepancy" in his background check form.

Upon discovery of the discrepancy, a NYS Parks officer e-mailed Keshinover for clarification, but Keshinover was evasive. When asked whether he had "ever had any contact with any police" as a juvenile "for any reason" even if the matter was sealed, Keshinover refused to answer. Jt. App. 401-02. Consequently, NYS Parks determined that agency guidelines required it to report the discrepancy. At a meeting, the officer accurately explained to Keshinover that if Keshinover remained in the application process, NYS Parks would have to produce the report, which would be available to other law enforcement agencies should Keshinover seek employment with them. But if Keshinover withdrew, no report would be produced. The officer further advised that generally applicants with a discrepancy had lower chances of being hired than similar applicants without such a discrepancy. After being allowed time to consider his choice and consult with his father, Keshinover executed a "declination" form and withdrew. He then brought suit.

For substantially the same reasons as are stated by the district court, we agree that under these circumstances Keshinover suffered no adverse employment action actionable under Title VII. *See Keshinover v. New York State Office of Parks, Recreation & Historic Pres.*, No.

---

[2] Although Keshinover recalled that he was questioned by police and a social worker when he completed the forms, he disputes having known about an appearance ticket issued to him for the snake berry incident. In any case, the parties agree that Keshinover's background check form contained the discrepancy.

3

17-CV-4349, 2019 WL 5212235, at *8-*11 (S.D.N.Y. Oct. 15, 2019). NYS Parks gave Keshinover the option of whether to proceed in the application process by accurately laying out the likely consequences. Rather than subjecting Keshinover to any particular action, NYS Parks allowed Keshinover to consider what to do and then to inform NYS Parks of his decision. To the extent Keshinover argues that he had no choice but to withdraw because a racially discriminatory practice rendered his application futile, we agree with the district court that the summary judgment record fails as a matter of law to support this theory.

* * *

For the foregoing reasons, the district court's judgment is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

4